# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

REGINALD F. WATSON                                                                    PETITIONER
Reg. #56321-056

v.                                            2:17cv00180-BSM-JJV

C. V. RIVERA[1], Warden,
FCI - Forrest City; *et al.*                                                          RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District

---

[1] The Petitioner named C. V. Rivera as the Respondent. Mr. Rivera retired in 2016, and was replaced by Gene Beasley as Warden of the Forrest City Federal Correctional Complex. Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk is directed to substitute Gene Beasley as the proper Respondent in this case.

Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. PROCEDURAL HISTORY

On June 4, 2012, Reginald F. Watson pleaded guilty to one count of "[c]onspiracy to distribute and possess with the intent to distribute twenty-eight (28) grams or more of cocaine base (crack), a quantity of cocaine, a quantity of heroin and a quantity of marijuana" before a court in the Eastern District of North Carolina. (Doc. No. 1.) The Court sentenced him to 141 months of incarceration to be followed by five years of supervised release, with a $100 special assessment and $2,370 in restitution. *United States v. Watson*, No. 04:12-cr-000533-F (E.D.N.C.), Doc. No. 26.

In September 2016, Mr. Watson filed a motion asking the Eastern District of North Carolina to review his case and to appoint counsel in light of the recent United States Supreme Court case, *Mathis v. United States* 579 U.S. __, 136 S.Ct. 2243 (2016), and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). *United States v. Watson*, No. 04:12-cr-000533-F (E.D.N.C.). The Court denied his motion, mentioning that "Watson seems to be attacking the validity of his sentence; thus, the appropriate avenue to bring this challenge is by way of a § 2255 motion." (*Id.* at Doc. No. 42.)

Mr. Watson, now an inmate at the Edgefield Medium Federal Correctional Institute, seeks relief from this Court through the filing of a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (Doc. No. 1.) After careful consideration of the Petition, for the following reasons, I find this Court lacks jurisdiction and recommend the Petition be dismissed.

## II.  ANALYSIS

At the outset, I note Mr. Watson only raises one claim in his Petition: that he was misclassified as a career offender when two prior state drug convictions were improperly used to constitute the predicate offenses for the classification. (Doc. No. 1 at 2.)

Although he initiated this cause of action as a 28 U.S.C. § 2241 habeas corpus Petition, Mr. Watson's claim relates to his conviction and sentence from the Eastern District of North Carolina. Inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 petition to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and

3

sentencing court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out, and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Based upon the arguments set forth in the Petition, it is clear Mr. Watson is continuing to argue about the validity of his conviction and sentence, rather than the manner in which his sentence is being carried out.

As a purely practical matter, the sentencing court is in the best position to address Mr. Watson's claims. As the Sixth Circuit Court of Appeals aptly said:

> Our decisions indicate that § 2255 is intended to be an avenue of relief to be pursued before the court which imposed sentence. In *Martin v. Perez*, 319 F.3d 799, 802-3 (6th Cir. 2003), we explained that Congress enacted § 2255 as a means of ensuring a simpler method of review by vesting jurisdiction in the sentencing jurisdiction, which already has a record of the case, rather than in the jurisdiction of confinement, which would typically have to start from scratch. Section 2255 is not a different form of relief from § 2241, but rather, a different avenue intended to provide a more convenient process for prisoners who can pursue relief before the sentencing court. *Id.* The savings clause of § 2255 provides that, on a showing that the § 2255 remedy is "inadequate or ineffective to test the legality of the detention," a prisoner may seek a writ of habeas corpus under § 2241.

*Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004).

All of the *Witham* criteria apply here. In this case, Mr. Watson failed to file a § 2255 petition in any district, even after being told by his sentencing judge that such a petition would be appropriate for his claims. For this Court to even be permitted to invoke

4

jurisdiction over his § 2241 Petition, Mr. Watson must *prove* the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah*, 392 F.3d at 959; *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Mr. Watson has failed to provide any evidence of this.

Accordingly, this Court lacks jurisdiction and this Petition must be dismissed or transferred. And because Mr. Watson has never sought § 2255 relief, or any other type of relief from his conviction, he is likely time barred. Title 28 U.S.C. § 2255 provides strict guidance on the timeframe in which a federal habeas petition must be filed, saying:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 (West).

Mr. Watson's judgment became final in November 2012, nearly five years ago. Additionally, he has made no indication or provided evidence of any situation that would

5

toll the statutory limitation period in this case. Therefore, I recommend dismissal of his Petition rather than transfer.

## III. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that the Petition for Writ of Habeas Corpus (Doc. No. 1) be dismissed for lack of jurisdiction.

DATED this 16th day of October, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE